UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICO PERRY, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 13-cv-12036-GAO |
| BRUCE GELB, | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION ON
RESPONDENT'S MOTION TO DISMISS (DOC. NO. 28)
AND ORDER ON PETITIONER'S MOTION
FOR LEAVE TO ADD EXHIBIT (DOC. NO. 34)

May 29, 2014

SOROKIN, C.M.J.

Petitioner Rico Perry, an inmate at the Souza Baranowski Correctional Center in Shirley, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has moved to dismiss the petition, arguing it presents two claims that Perry has not exhausted in state court. Doc. Nos. 28, 29.[1] Because the respondent is correct as to one of Perry's claims, and because two other claims also appear to be unexhausted, I recommend the motion be ALLOWED in part and DENIED in part, unless Perry elects to delete the unexhausted claims from his petition.

I. BACKGROUND

In February 2009, following a bench trial in Norfolk Superior Court, Perry was convicted

---

[1]Citations are to documents that are part of the docket and viewable via the Court's electronic filing system. Where page numbers are cited, references are to the numbering placed at the top of each page by the electronic filing system.

of armed assault with intent to murder and other charges stemming from a theft from an electronics store in Boston, followed by a lengthy, high-speed car chase. Doc. No. 11 at 2-6; Doc. No. 29 at 2, 6-8. Perry was sentenced to consecutive terms of eight-to-ten years and one-to-two years imprisonment. Doc. No. 10 at 1. In his direct appeal, Perry challenged the sufficiency of evidence supporting his convictions. See Doc. No. 25 at 126-36.[2] The Massachusetts Appeals Court ("MAC") affirmed, and the Supreme Judicial Court ("SJC") denied review on April 27, 2011. See id. at 123-25.

Perry filed a pro se motion for a new trial on July 25, 2011, presenting the following claims: 1) insufficiency of evidence regarding the gun's barrel length (relevant to a firearms violation); 2) prosecutorial misconduct for misstating evidence and improperly vouching for a witness's credibility; 3) prosecutorial misconduct for using perjured testimony and withholding an exculpatory police report; 4) impairment of the grand jury process due to false testimony offered in support of certain charges; 5) ineffectiveness of trial counsel for coercing Perry to reject a guilty plea deal; 6) ineffectiveness of trial counsel for failure to investigate and present a defense witness; and 7) ineffectiveness of trial counsel for coercing Perry to waive his right to a jury trial. Id. at 316-44. Perry also asserted ineffectiveness of appellate counsel for failure to raise several of these claims on direct appeal. Id. The trial court promptly denied Perry's motion, and his timely appeal was stayed to permit the filing of an amended motion for a new trial. Doc. No. 10-1 at 1; Doc. No. 33 at 6.

On March 1, 2012, acting through counsel, Perry filed an amended motion in the trial

---

[2]This document, the respondent's supplemental answer containing relevant portions of the state court record, is not scanned for viewing on the Court's electronic filing system, but is available as part of the file maintained by the Clerk's office.

court raising three claims: 1) ineffectiveness of trial counsel for advising Perry to reject a pretrial guilty plea offer; 2) ineffectiveness of trial counsel for advising Perry to proceed to a bench trial before the same judge who presided over a suppression hearing regarding damaging evidence that was excluded at trial by agreement of the parties; and 3) insufficiency of evidence regarding the gun's barrel length. Doc. No. 25 at 259-66. The trial court again denied Perry's request for relief, and Perry timely appealed. Doc. No. 10-1 at 1.

In his counseled brief filed with the MAC, Perry reiterated the three issues presented in his amended motion for a new trial and also pressed the following four claims: 1) ineffectiveness of trial counsel for failure to investigate and present a defense witness at trial; 2) abuse of discretion by the trial judge for failure to hold a hearing on Perry's motion for a new trial; 3) ineffectiveness of appellate counsel for failure to challenge certain counts in Perry's indictment based on false grand jury testimony; and 4) prosecutorial misconduct for offering false testimony at trial and withholding an exculpatory police report. Doc. No. 25 at 167-89. According to Perry, he also filed a pro se brief pursuant to Commonwealth v. Moffett, 418 N.E.2d 585 (Mass. 1981), which was docketed with the MAC and raised an additional prosecutorial misconduct claim stemming from alleged improprieties in the prosecutor's closing argument. Doc. No. 33 at 1-2; see id. at 7 (reflecting the filing of Perry's supplemental pro se brief).[3]

---

[3]Perry has filed a motion seeking to supplement his opposition to the respondent's motion to dismiss with exhibits demonstrating his Moffett brief was accepted for filing by the MAC. Doc. No. 34. That motion is ALLOWED, as his supplemental exhibits confirm what is noted on the MAC's docket, a copy of which was appended to Perry's opposition brief. Doc. No. 33 at 6-7. It is unclear from the record whether the MAC considered the arguments raised in the Moffett brief, see Doc. No. 10-1 at 2 (discussing certain issues included in the counseled brief individually, then finding unspecified "remaining arguments" to be waived), but resolution of the instant motion does not depend on that question. As will be explained in the following discussion, regardless whether his Moffett brief is viewed as having "fairly presented" any claim

3

The MAC reversed Perry's firearms conviction, accepting his argument that the Commonwealth had not established barrel length as required, but rejected his remaining assertions and affirmed his conviction and sentence in all other respects. Doc. No. 10-1.

Perry sought review in the SJC, where his counseled application for leave to obtain further appellate review ("ALOFAR") raised only these issues: 1) ineffectiveness of trial counsel for advising Perry not to plead guilty and not to invoke his right to a jury trial; 2) error by the MAC in not setting aside Perry's armed assault conviction on the same basis that it reversed his firearms conviction; and 3) ineffectiveness of appellate counsel for not challenging portions of the indictment that were based on false grand jury testimony. Doc. No. 25 at 453-79. The SJC's docket does not reflect any additional pro se filings by Perry aimed at supplementing the issues presented for review there. See id. at 452. On June 27, 2013, the SJC denied review. Id.

Perry mailed his original pro se habeas petition on August 11, 2013, and later amended it (with the Court's permission) to present the following eight constitutional claims:

1) Ineffectiveness of trial counsel for causing Perry to reject a guilty plea offer based on erroneous advice;

2) Ineffectiveness of trial counsel for causing Perry to waive his right to a jury trial based on erroneous and/or incomplete advice;

3) Ineffectiveness of trial counsel for failure to investigate and present "a disinterested witness whose testimony would have been favorable to the defense";[4]

---

to the MAC for consideration, none of Perry's exhibits demonstrate the relevant issue was pursued in his subsequent filings before the SJC.

[4]The witness at issue was an employee of the electronics store who was interviewed by police following the theft, and who identified Perry's co-conspirator as the driver of the getaway car when the men fled the store. See Doc. No. 11 at 18-19; Doc. No. 11-3. The high-speed chase, during which the shooting occurred, was more than an hour later when the same car was

4

4) Ineffectiveness of direct appeal counsel for failure to challenge eight counts in the indictment based on perjured testimony;

5) Prosecutorial misconduct for offering false testimony and withholding an exculpatory police report;[5]

6) Prosecutorial misconduct for misstating evidence, arguing facts not in evidence, and improperly vouching for a witness's credibility during closing argument;[6]

7) Inconsistent and/or irregular application of state court waiver doctrine by the MAC in resolving Perry's appeal of his collateral claims; and

8) Insufficiency of evidence establishing possession of a firearm for purposes of Perry's armed assault conviction.

Doc. No. 10 at 6-14.

The respondent has moved to dismiss Perry's petition, arguing that claims 6 and 7 were not exhausted in state court as required by 28 U.S.C. § 2254, Doc. No. 28, and Perry has opposed the motion, Doc. No. 33.

II. LEGAL STANDARD

A state prisoner is not entitled to habeas relief in federal court unless he has first exhausted his available remedies in state court. 28 U.S.C. § 2254(b); see O'Sullivan v. Boerkel,

---

spotted by police at a different location. See Doc. No. 29 at 6-7.

[5]Both the testimony and the report relate to an apparently unrelated investigative stop of Perry that occurred earlier on the day in question. Doc. No. 11 at 27-28. According to Perry, the officer who had performed the stop testified at trial that Perry's clothing during the encounter was consistent with that of one of the suspects in the theft, and that Perry had been seen near the same car that later fled the scene of the theft. Id. Perry alleges these facts were not contained in the officer's written report about the encounter, that the officer failed to produce a copy of that report to the defense, and that he falsely testified that he was not able to access the report. Id.

[6]The misstatements and improper arguments Perry cites involve comments accusing Perry of "deciding" to shoot at a police officer during the chase and taking "several deliberate and pre-meditative steps" in order to do so. Doc. No. 11 at 31-33. The alleged vouching involved comments about the certainty with which an officer testified that he knew gunshots had been fired at him based on his firearms training and his military experience. Id. at 34.

5

526 U.S. 838, 839 (1999); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). To satisfy this exhaustion requirement, which is grounded in principles of comity, a petitioner must complete the state's established appellate review process, thereby giving "the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 839; accord Mele, 850 F.2d at 819.

In Massachusetts, the exhaustion requirement obligates a petitioner to present his claims to the SJC before asking a federal habeas court to consider them. Mele, 850 F.2d at 820, 823. It is not enough for a petitioner to litigate his constitutional claims in a motion before the state trial court and a subsequent appeal to the MAC. Id. "[A]n appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." Id. at 823; see Fusi v. O'Brien, 621 F.3d 1, 6 (1st Cir. 2010) (calling the ALOFAR the "decisive pleading" for exhaustion purposes); cf. Silvia v. Hall, 193 F. Supp. 2d 305, 311 (D. Mass. 2002) (finding issues were fairly presented to the SJC where they were discussed in the text of the fact and argument sections of the ALOFAR, although not identified separately among the "issues for further appellate review").

Furthermore, a petitioner may not escape the exhaustion doctrine by pairing unexhausted claims with other constitutional questions that have been fairly presented to every level of the state courts. Such a "mixed petition" is subject to dismissal unless the petitioner elects to abandon his unexhausted claims. DeLong v. Dickhaut, 715 F.3d 382, 386 (1st Cir. 2013); see Rose v. Lundy, 455 U.S. 509, 522 (1982); Clements v. Maloney, 485 F.3d 158, 168-69 (1st Cir.

6

2007). Although federal courts have discretion to stay mixed petitions and hold them in abeyance while the petitioner returns to state court in an effort to exhaust any unexhausted claims, such discretion is appropriately exercised only in cases where there is good cause for the failure to exhaust, and the unexhausted claims are potentially meritorious. DeLong, 715 F.3d at 387; see Rhines v. Weber, 544 U.S. 269, 275-76 (2005).

III. DISCUSSION

The respondent's motion is based on an assertion that Perry has not properly exhausted two of the eight claims presented in his habeas petition. A review of the history of Perry's state-court proceedings reveals that the respondent is correct, in part.

A. Claim 6

Perry seeks to pursue a due process challenge to the prosecutor's closing argument which, Perry suggests, included misstatements of the evidence, argued facts not in evidence, and vouched for the credibility of a trial witness. Doc. No. 10 at 13. The respondent argues Perry failed to present this particular prosecutorial misconduct claim to the SJC when he requested review there.[7] Doc. No. 29 at 11. Perry summarily disagrees, stating – without citation to any supporting document – that he presented the claim "in his FAR Petition." Doc. No. 33 at 1.

A review of the state court record demonstrates that the respondent is correct. Perry's ALOFAR neither lists the relevant prosecutorial misconduct claim among the "points for which further appellate review is sought," Doc. No. 25 at 463-64, nor incorporates the claim into the

---

[7]The respondent concedes this claim was raised in Perry's first motion for a new trial, but asserts it was not presented to the MAC on appeal. Doc. No. 29 at 11. Perry avers that he did present the claim to the MAC in his pro se Moffett brief. Doc. No. 33 at 1. This dispute is immaterial. Even assuming Perry did present this claim to the MAC, the pivotal question here is whether the claim was raised before the SJC in Perry's ALOFAR.

7

factual or procedural recitations or the substantive legal argument, id. at 456-63, 465-74. The SJC's docket contains no entry suggesting that any other document was submitted on Perry's behalf in connection with his ALOFAR. See id. at 452. Under these circumstances, Perry cannot satisfy the exhaustion requirement with respect to claim 6, and he may not obtain review thereof in federal court.

B. Claim 7

The respondent levies an identical challenge to the seventh claim in Perry's habeas petition. Doc. No. 29 at 11. Here, however, the respondent's argument ignores the true nature of the "claim." As Perry explains in his opposition brief – and as was apparent to the Court upon a review of the substance of "ground seven" – this "claim" is not a standalone constitutional claim at all. Doc. No. 33 at 2-3. Rather, it is a procedural argument as to why this Court should review on the merits any of Perry's claims which the MAC deemed waived. See Doc. No. 10 at 14 (arguing that any failure to present a claim on direct appeal was due to counsel's ineffectiveness, and that such ineffectiveness excuses any waiver, or is cause for any default, under recent Supreme Court precedent). Although this argument would have been more appropriately set forth in subsection (b) of the form habeas petition under each ground to which it applies, see, e.g., Doc. No. 10 at 11 (containing space for an explanation of why state remedies were not exhausted as to each individual constitutional claim), pro se petitioners are not expected to make flawlessly organized submissions, see Estelle v. Gamble, 429 U.S. 97, 106 (1976) (noting pro se petitions are to be liberally construed). Moreover, Perry's articulation of this procedural point is more than sufficiently clear to place the respondent and the Court on notice of the nature of his argument.

8

Because Perry's attempt to avoid procedural bars to a review of his federal claims on the merits is not a separate constitutional claim, the exhaustion doctrine does not require that he present it to the state courts before advancing it here.

C. Other Claims

Perry's habeas petition raises six claims besides those the respondent has identified as unexhausted. The respondent apparently believes these other six claims would be ripe for federal review, were they not included in a mixed petition. See Doc. No. 29 at 1 (seeking dismissal "because two of the petitioner's claims have not been exhausted"). This is plainly true as to four of them (claims 1, 2, 4, and 8), all of which were contained within Perry's appeal to the MAC and his subsequent ALOFAR in the context of his collateral review in state court. The record, however – as well as the recitation of the relevant procedural history set forth in the respondent's brief – suggests that the two remaining claims are unexhausted as well.

Neither the third claim (ineffectiveness of trial counsel for failure to investigate and present a defense witness) nor the fifth claim (prosecutorial misconduct for offering false testimony and withholding a police report) were presented to the SJC in either of Perry's ALOFARs. See Doc. No. 25 at 126-36 (ALOFAR on direct appeal); id. at 453-79 (ALOFAR on collateral review). Although these claims seem identical in procedural posture to the unexhausted prosecutorial misconduct claim discussed above, the respondent has not sought dismissal based on these claims, nor has Perry explained why they should be viewed as exhausted.[8] Nonetheless, the state court record support a finding that these issues were properly

---

[8]Importantly, though, the respondent has not "through counsel, explicitly waive[d] the [exhaustion] requirement" with respect to these additional claims. See 28 U.S.C. § 2254(b)(3). Absent such waiver, a federal court may not grant habeas relief on an unexhausted claim, even if

9

exhausted. See id. at 452 (showing no submissions to the SJC on Perry's behalf except his ALOFAR petition, which does not include these claims).

As such, unless Perry demonstrates otherwise in his objections to this Report and Recommendation, the Court should treat claims 3 and 5 as unexhausted as well, precluding substantive review of their merits.

IV.  CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court deem Perry's petition mixed; conclude that claims 3, 5, and 6 are unexhausted; and provide Perry with the option of either abandoning the three unexhausted claims or having his entire petition dismissed without prejudice.[9] To accomplish this, the Court should enter an order setting the following deadlines:

1) Within 45 days of the Order adopting this Report and Recommendation, Perry should notify the Court of his decision as to the unexhausted claims. If he elects not to delete the claims, the Court should dismiss the petition without prejudice upon receiving such notification from Perry. If he chooses, instead, to abandon them, the following briefing schedule should govern proceedings regarding the merits of the remaining claims.

2) Perry already has filed a brief addressing the merits of his claims. Doc. No. 11.

---

the respondent has not explicitly raised the issue. § 2254(b)(1).

[9]Should Perry elect dismissal so he can pursue exhaustion of the three claims at issue, he is unlikely to succeed in having those claims heard by the SJC at this late date, let alone do so before his one-year federal habeas limitation period expires this June. Thus, by opting for dismissal, he would jeopardize the four exhausted claims he has properly presented in the instant timely petition. Further, Perry has not sought a stay under Rhines, nor would one be appropriate here. He has not established good cause for his failure to exhaust the claims at issue, nor has he established that any of those claims are likely meritorious.

The respondent shall file a brief addressing the merits of Perry's remaining claims within 30 days of the docketing of Perry's notification to the Court pursuant to the preceding paragraph.

3) If Perry wishes to file a reply brief, it shall be limited to five pages in length and shall be submitted within 30 days of the filing of the respondent's merits brief.[10]

        /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[10] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Rule 8(b) fol. 28 U.S.C. § 2254. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).